UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-

                                              <u>Order</u>

THOMAS PERRY                            01 Crim. 00569 (GBD)

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant Thomas Perry, proceeding *pro se*, moves to seal his criminal record on account of his conduct since the time of his conviction. (Letter Mot. at 1.) The Government has not responded to this request. Because this Court does not have jurisdiction over the instant motion, Defendant's motion to seal is **DENIED**.

        After more than twenty-two years since his criminal conviction in 2002, Defendant wrote a letter to this Court in July 2024 requesting that it seal his criminal record because he has "grown since the day of sentencing," and "continue[s] to work to be a better person and help [his] community, family, friends, [and] strangers." *Id.* at 1.

        "A court, sitting in a criminal prosecution, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records," *Doe v. United States*, 833 F.3d 192, 195, (2d Cir. 2016) (quoting *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir. 1977), insofar as the case resulted in dismissal and not "a valid conviction," *Id.* at 197. Accordingly, ancillary jurisdiction does not extend to motions to seal (or expunge) in cases in which the conviction at issue "was valid and the underlying criminal case had long since concluded." *Id.* at 196.

        This is because "ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in

varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* at 198 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).

Defendant's motion to seal, which involves a valid conviction related to a criminal case terminated over twenty-two years ago, does not implicate either aim set forth in *Doe*. Rather, his motion merely rests on equitable grounds that are "entirely unnecessary 'to manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 380). Nor is there sufficient factual interdependence. The underlying conviction and newly asserted motion are "two analytically and temporally distinct proceedings," as the instant motion is "premised on events that are unrelated to the sentencing and that transpire[d] long after the conviction itself." *Id.* As a result, this Court does not have jurisdiction over the instant motion, and thus Defendant's motion to seal is **DENIED**.

Dated: New York, New York
OCT 0 2 2024

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge